**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION at LONDON**

**[Filed Electronically]**

**BRADLEY L. HAMBLIN,**

**PLAINTIFF**

**v.**

**JEREMY ELLIOTTE, individually**
**Serve: 11 State Police Road**
**London, Kentucky 40741**
**-and-**

**LOGAN HOWELL, individually**
**Serve: 11 State Police Road**
**London, Kentucky 40741**
**-and-**

**DACKERY LARKEY, individually**
**Serve: 11 State Police Road**
**London, Kentucky 40741**
**-and-**

**DERREK LOVETT, individually**
**Serve: 11 State Police Road**
**London, Kentucky 40741**

**DEFENDANTS.**

# COMPLAINT

## I. Jurisdiction and Venue

1. Plaintiff Bradley L. Hamblin seeks damages from Defendants Jeremy Elliotte, Logan Howell, Dackery Larkey, and Derrek Lovett under the Civil Rights Act of 1871, 42 U.S.C. §1983, for their objectively unreasonable, gross and unconscionable use of excessive force in violation of his rights, privileges and immunities guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States. Accordingly, this Court has jurisdiction of

this case pursuant to the provisions of 38 U.S.C. §§1331 and 1343. Plaintiff also brings state law claims for negligence, gross negligence, and battery, pursuant to the supplemental jurisdiction of this Court granted by 28 U.S.C. §1367. Because Whitley County, Kentucky is the location of all acts pertinent to this suit, venue is proper in this Court.

## II. Parties

2. Plaintiff resides in Whitley County, Kentucky.

3. Defendants Elliotte, Howell, Larkey, and Lovett were at all times mentioned herein Troopers with the Kentucky State Police, working out of Post 11, and personally engaged in the misconduct made the subject of this action.

## III. Nature of Defendants' Conduct

4. Defendants, individually and in conspiracy with one another, engaged in the conduct described below under color of the law of the Commonwealth of Kentucky, and knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized or approved the conduct described below in their individual capacities. On information and belief, the offenses described below resulted from the failure of Defendants' superiors (to be identified in discovery) to employ qualified persons for positions of authority, and/or to properly or conscientiously train and supervise the conduct of such persons after their employment, and/or to promulgate appropriate policies and procedures either formally or by custom or to enforce existing policies and procedures to protect the constitutional rights of American citizens like Plaintiff. Defendants' conduct was intentional, objectively unreasonably, malicious, and grossly negligent, and justifies an award of actual and punitive damages.

## IV. Facts

5. Following his arrest on August 18, 2020, for various offenses, Plaintiff was brutally beaten by Defendants. Much of the beating occurred after Plaintiff was restrained, handcuffed, and unable to defend himself or ward off Defendants' blows. Defendants' use of force against Plaintiff was unjustified, gross and excessive, was objectively unreasonable, was not warranted by his offense or his conduct, and was unrelated to any legitimate governmental objective.

6. As a consequence of the beating, Plaintiff suffered severe, disfiguring injuries, including but not limited to: (a) a closed fracture of his right orbital bone; (b) a closed fracture of his nasal bone; (c) a closed fracture of his maxillary sinus; (d) numerous contusions, lacerations and swelling about his face; and (e) a head injury. Plaintiff suffered considerable mental and physical pain and suffering as a result of these injuries and their treatment, and in the course of his recuperation. Plaintiff still experiences physical pain and suffering from his injuries, and mental pain and suffering from such injuries and as a consequence of being so brutally and viciously beaten by officers charged with enforcing the law and protecting the public.

7. Subsequent to the beating, Defendants threatened Plaintiff with additional physical harm if he did not misrepresent to others that he was beaten and had suffered his injuries as a consequence of his resistance to arrest. Defendants themselves propagated this fiction by falsely charging Plaintiff with fleeing from them and resisting arrest.

8. On information and belief, Plaintiff's beating and injuries are a consequence of a steady decline in the standards for being a KSP Trooper, and of KSP Troopers being trained to adopt, being supervised to emulate, and working within a law enforcement culture defined by a "Warrior Mindset" which, among other things, encourages Troopers to be ruthless, and requires them to decide whether they are "weasels or weasel smackers." Plaintiff will seek the identification

of the responsible officials in discovery, and Plaintiff anticipates amending this Complaint to include them as Defendants.

## V. Causes of Action

### Count 1

9. Defendants' beating of Plaintiff was objectively unreasonable, intentional, reckless, deliberate, wanton and/or malicious, and was indicative of their total, deliberate and reckless disregard of and indifference to Plaintiff's safety and welfare as well as his rights and the risk of harm to him occasioned by such conduct.

10. As a result of the foregoing, Plaintiff's beating was a violation of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. §1983.

### Count 2

11. By virtue of the foregoing, Defendants were negligent and grossly negligent.

### Count 3

12. By virtue of the foregoing, Defendants battered Plaintiff.

### Count 4

13. By virtue of the foregoing, Defendants have abused their public office in violation of KRS 522.010, et seq., for which Plaintiff is entitled to recover damages pursuant to KRS 446.070.

## VI. Damages

14. Plaintiff is entitled to recover for the mental and physical pain and suffering he has experienced in the past and will experience in the future as a result of his beating, and for any attendant loss of his power to labor and earn money. In addition, the violation of Plaintiff's

constitutional and common law rights were intentional, cruel, gross, reckless, and malicious, entitling Plaintiff to recover punitive damages to deter such conduct in the future.

**WHEREFORE**, Plaintiff requests a trial by jury of all allegations set forth herein, and that he be awarded the actual and punitive damages with pre- and post-judgment interest, attorneys' fees pursuant to 42 U.S.C. §1988, costs, and all other relief to which he is entitled under law or in equity.

Respectfully submitted,

/s/ Gregory A. Belzley
Gregory A. Belzley
Belzley, Bathurst & Bentley
P.O. Box 278
Prospect, KY 40059
502/292-2452
gbelzley3b@gmail.com

Tyler D. George
Bentley, George & Sparks
P.O. Box 1926
London, KY 40743
606/877-0088
tyler@bgslawfirm.com

***Counsel for Plaintiff***